NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAQUEL MARTINEZ CRUZ; et al.,

No. 17-71066

Petitioners,

Agency Nos. A202-156-070
A202-156-071

v.

A202-156-072
A202-156-073

PAMELA BONDI, Attorney General,

Respondent.

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Lead Petitioner Raquel Martinez Cruz and her three children, all natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") decision affirming the Immigration Judge's ("IJ") denial of their

applications for asylum, withholding of removal, and protection under the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] We have jurisdiction under

8 U.S.C. § 1252 and "our review is limited to the BIA's decision, except to the

extent the IJ's opinion is expressly adopted." *Singh v. Bondi*, 161 F.4th 560, 565

(9th Cir. 2025) (citation and quotation marks omitted). We review the denial of

asylum, withholding, and CAT protection for substantial evidence. *Sharma*

*v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We deny the petition for review.

    1. Even assuming Petitioners experienced harm rising to the level of

persecution, substantial evidence supports the agency's conclusion that Petitioners

failed to establish that their past harm or future feared harm bore any nexus to their

membership in the particular social group "family of Ignacio Martinez Cruz."[2] *See*

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018-20 (9th Cir. 2023) (denying

petition for review as to asylum and withholding of removal where substantial

evidence supported agency's no-nexus finding). Lead Petitioner testified that

---

[1] The children are derivative beneficiaries of Martinez Cruz's application for asylum under 8 U.S.C. § 1158(b)(3)(A), and they did not file their own applications. They do not have derivative claims for withholding of removal or CAT relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (neither withholding of removal nor CAT relief may be derivative).

[2] Ignacio Martinez Cruz was the Lead Petitioner's paternal first cousin once removed. We do not address Petitioners' political opinion claim because Petitioners forfeited any challenge to the agency's decision on it by failing to raise it in their petition for review. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Ignacio was a member of the group that threatened to take her son, and that Ignacio was killed months before this incident for unknown reasons, but she believed in relation to his activities with the group. On this record, the BIA concluded that "the record does not establish that" the group who appeared at her residence attempting to take her son "were motivated by her membership in a particular social group relating to her family." Nothing in the record compels a contrary conclusion. Indeed, as the IJ noted, the group did not mention Ignacio when they attempted to take her son, and were known to take other boys in town, not just family members. *Cf. Corpeno-Romero v. Garland*, 120 F.4th 570, 575 (9th Cir. 2024) (finding substantial evidence supported familial relationship nexus when gang member convicted of murdering petitioner's father used father's nickname in recruitment efforts).

2. Substantial evidence also supports the agency's denial of Petitioners' CAT claims. As the BIA explained, country conditions evidence specifically shows that the Mexican government has successfully countered the group. Petitioners' evidence that the Mexican government cooperated with the remnants of such vigilante groups in establishing new "rural police forces" does not compel the conclusion that the Mexican government would acquiesce to Petitioners' torture. *See B.R. v. Garland*, 26 F.4th 827, 844-45 (9th Cir. 2022) (denying CAT

protection where petitioner did not show Mexican government would acquiesce to torture by cartels).

**PETITION DENIED.**